UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
EMPLOYERS' SURPLUS LINES INSURANCE                                :
COMPANY,                                                          :
                                                                  :
                              Petitioner,                         :
                                                                  :   07 Civ. 2521 (HB)
        - against -                                               :
                                                                  :   **OPINION & ORDER**
GLOBAL REINSURANCE CORPORATION –                                  :
UNITED STATES BRANCH (f/k/a Gerling Global                        :
Reinsurance Coporation – United States Branch),                   :
                                                                  :
                              Respondent.                         :
                                                                  :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge\*:**

On November 21, 2007, Employers' Surplus Lines Insurance Company ("Employers" or "Petitioner") sought to confirm an arbitration award issued by Michael D. Young, Esq. (the "Arbitrator") on November 9, 2007 against Global Reinsurance Company ("Global" or "Respondent"). On December 6, 2007, Global cross-petitioned this Court to vacate the arbitration award and remand the matter to the Arbitrator for a determination of damages pursuant to the Arbitrator's prior partial award. For the reasons set forth below, Employers' petition is GRANTED and Global's cross-motion to vacate is DENIED. The arbitration award issued by the Arbitrator on November 9, 2007 is confirmed and the Clerk will upon the Petitioner's request prepare a judgment.

## I. FACTUAL BACKGROUND

A.      <u>The Reinsurance Contract</u>

Employers[1] and Global[2] entered into a Certificate of Facultative Reinsurance[3] effective

---

\* Ian G. Nanos, a spring 2008 intern in my Chambers, and currently a third-year law student at Brooklyn Law School, provided research assistance in conjunction with this Opinion & Order.

[1] Employers is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. (Pet. to Confirm Arbitration Award ¶ 4.)

[2] Global (f/k/a Gerling Global Reinsurance Corporation) is the United States branch of a German corporation with its principal place of business in New York, New York. (Pet. to Confirm Arbitration Award ¶¶ 2-3.)

1

from January 7, 1969 through July 1, 1972 and later extended to January 1, 1973 (the "Certificate") whereby Global agreed to indemnify Employers for 20% of Employers' losses above $5 million (up to Employers' $20 million limit) under a policy of insurance issued by Employers to The Coca-Cola Company (including its subsidiary, Aqua Chem) ("Coke"). The Certificate contained a "follow the form" clause: "[T]he liability of [Global] . . . shall follow that of [Employers] and except as otherwise specifically provided herein, shall be subject in all respects to all terms and conditions of [Employers'] policy." Aff. of R. Patrick Bedell in Supp. of Resp't & Counter-Pet'r's Counter-Pet. to Vacate Arbitral Award ("Bedell Aff.") Ex. A ¶ 9. The follow-the-form clause provided that Global's obligations, as reinsurer, reflected Employers' obligations, as insurer, to Coke, the underlying insured. See Bedell Aff. Ex. B at 4. Further, the Certificate provided for final and binding arbitration in the event of "an irreconcilable difference of opinion as to the interpretation of this Contract." Bedell. Aff. Ex. A ¶ 16.

B.  Arbitration Proceedings & First Motion to Confirm/Vacate the Partial Final Award

By demand dated July 8, 2005 (the "Demand"), Employers initiated arbitration seeking to recover a 20% share of Employers' loss payments above $5 million. Pet. Ex. C. By that time, Employers had paid $6,324,711.68 to Coke for certain asbestos claims. In its Demand, Employers alleged that Global failed to pay Employers, as required by the Certificate, 20% of the excess over $5 million of these asbestos claim payments, or $264,924.34. Pet. Ex. C

Pursuant to related proceedings before this Court,[4] the parties agreed to proceed before a sole arbitrator, Michael D. Young, Esq. In its post-mediation order, this Court maintained jurisdiction over related arbitrations, including the instant case. During the three-day arbitration hearing from November 6 to 8, 2006, the Arbitrator admitted 55 exhibits into evidence and six witnesses (three each for Employers and Global), including experts, testified and were cross-examined. Bedell Aff. Ex. D at 2.

On December 29, 2006, the Arbitrator issued a Partial Final Award and Statement of Reasons (the "Partial Final Award"), in which he made two separate liability findings based on his interpretation of the Certificate. First, he found that Global was liable to Employers for "losses incurred on an aggregate basis by Employers pursuant to its underlying excess umbrella insurance policy with [Coke]." Bedell. Aff. Ex. D at 5. Second, he found that Global was *not*

---

[3] Policy No. 71-9312.

[4] Global Reins. Corp. v. Sompo Japan Ins., et al., 06-CV1058 (HB) (S.D.N.Y.).

2

liable to Employers for "the payment of defense costs by Employers to the underlying insured [*i.e.*, Coke] when there was no indemnity payment made by the underlying insured [*i.e.*, Coke] to a third party claimant." Bedell. Aff. Ex. D at 5. Put more simply, the award concluded that Global would be liable for Employers' payments of defense costs to Coke only where Coke had made a related indemnity payment to a third party claimant. With respect to this second liability finding only, the Arbitrator ordered Employers to submit "a schedule indicating the indemnity payments subject to the reinsurance and associated defense costs," so that the Arbitrator could determine damages. The Arbitrator also ordered further proceedings on Employers' entitlement, if any, to attorneys' fees and costs. Bedell Aff. Ex. D at 5.

Thereafter, on March 28, 2007, Employers petitioned this Court to confirm the Partial Final Award's first liability finding but to vacate the second liability finding, which limited Employers' recovery for defense costs paid by it to Coke. Global opposed Employers' petition as premature and argued that the Partial Final Award was not "final" pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 *et seq.* (the "FAA") because damages remained unresolved. Global's Mem. of Law in Supp. of Counter-Pet. to Vacate & in Opp. to Employers' Pet. to Confirm ("Global's Counter-Pet. & Opp.") at 4.

On June 27, 2007, this Court conferred in chambers[5] with the parties and expressed its concern that the petitions were premature. To avoid a decision on issues that the parties had contracted to arbitrate, which would have interfered with the arbitration, the Court declined to rule on either party's petition. Instead, by order dated July 11, 2007, the Court referred the parties to the Arbitrator "for further proceedings." The Court also ordered the parties to appear at a pretrial conference on October 25, 2007, should they be unable to reach a resolution in arbitration. Order, July 11, 2007.

C. Further Proceedings before the Arbitrator

On July 17, 2007, the Arbitrator conducted a teleconference with the parties to discuss the meaning of the remand. Employers asserted that this Court intended to instruct the Arbitrator to reconsider the Partial Final Award, while Global argued the Court intended the Arbitrator only to determine damages. Pet. Ex. A ¶ A.4. On October 1, 2007, the Arbitrator requested in an email that the parties "seek written instruction from Judge Baer as to his intention regarding the

---

[5] The June 27, 2007 conference was not transcribed because the parties agreed to mediate in chambers with the Court as a neutral mediator. Bedell Aff. Ex. L., Tr. of Further Proceedings before Arbitrator Young (Oct. 11, 2007) ("Young Tr.") 24:10-16.

purpose of the remand," and expressed his concern that he lacked authority to reconsider the Partial Final Award. Bedell Aff. Ex. I. In a letter dated October 3, 2007, Employers sought from this Court an order that would permit the Arbitrator to reconsider any aspect of the Partial Final Award. Bedell Aff. Ex. K. The Court declined to issue Employers' proposed order and, instead, on October 10, 2007, endorsed Employers' letter with a direction to the parties to "try to resolve the concern voiced" by the Arbitrator. Bedell Aff. Ex. M. On October 11, 2007, the Arbitrator heard oral argument.

D. Arbitrator's Reconsideration of Partial Final Award & Issuance of Final Award

On November 9, 2007, the Arbitrator issued a Final Award. Bedell Aff. Ex. N. The Final Award retained the Partial Final Award's first liability finding—that under the Certificate Global was liable to Employers for losses incurred on an aggregate basis by Employers under the underlying excess umbrella insurance policy with Coke. However, the Arbitrator expanded the second liability finding to hold that Global was liable for Employers' payments of defense costs to Coke in all cases and not only where Coke had made a related indemnity payment to a third party claimant. This resulted in an increase in Global's liability to $3 million. Bedell Aff. Ex. N Relief Section ¶¶ 1-2.

On November 21, 2007, Employers petitioned this Court to confirm the Arbitrator's Final Award, and on December 6, 2007, Global cross-petitioned to vacate the Final Award in its entirety. The Court heard oral argument on the motions on January 8, 2008.

## II. STANDARD OF REVIEW

The FAA "only permits a federal court to confirm or vacate an arbitration award that is final." *Banco De Seguros Del Estado v. Mut. Marine Office, Inc.*, 230 F. Supp. 2d 362, 368 (S.D.N.Y. 2002) (quotation marks omitted). Further, "a motion to vacate filed in federal court is not an occasion for a *de novo* review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). An arbitration award should be enforced regardless of whether a district court agrees with the results on the merits, "if there is a barely colorable justification for the outcome." *Banco De Seguros Del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (internal citation omitted).

Under the FAA, a district court may vacate an arbitration award only under the limited circumstances set forth in Section 10(a):

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone

4

> the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). To effectuate the federal policy favoring arbitration, this section "is to be accorded the 'narrowest of readings.'" *Blue Tee Corp. v. Koehring Co.,* 999 F.2d 633, 636 (2d Cir. 1993) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 703 (2d Cir. 1978)). "The showing required to avoid summary confirmation of an arbitration award is high," and a party moving to vacate the award has the burden of proof. *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir. 1998) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). S*ee also Local 338, RWDSU v. Farmland Dairies, Inc.*, 89 F. App'x 748, 748-49 (2d Cir. 2003); *Ottley v. Schwartzberg,* 819 F.2d 373, 376 (2d Cir. 1987).

## III. DISCUSSION

Global claims that the Arbitrator exceeded his powers when he expanded Global's liability for Employers' payments of defense costs and that therefore this Court has grounds to vacate the Final Award under Section 10(a)(4) of the FAA. Global's Counter-Pet. to Vacate Arbitral Award ¶ 1. The crux of Global's argument is that the Arbitrator was *functus officio* with respect to his second liability finding in the Partial Final Award—that Global was liable for Employers' payments of defense costs to Coke only where Coke had made a related indemnity payment to a third party claimant—and so the Arbitrator lacked authority to modify this finding. *Functus officio* means "without further authority or legal competence because the duties and functions of the original commission have been fully accomplished." *Black's Law Dictionary* 682 (7th ed. 1999). In arbitrations, the common law doctrine of *functus officio* presumes that an arbitrator's final decision on an issue strips him of authority to consider that issue further. *See, e.g.*, *Trade & Transp. Inc. v. Natural Petroleum Charterers, Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) (citing *Ottley*, 819 F.2d at 376).[6]

Courts have recognized several exceptions, however, that permit an arbitrator to reconsider an award, even if the doctrine of *functus officio* applies. *See, e.g.*, *Hyle v. Doctor's Assocs., Inc.*,

---

[6] Judge Posner has observed that the doctrine has its roots "in the bad old days when judges were hostile to arbitration and ingenious in hamstringing it." *Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union v. Excelsior Foundry Co.*, 56 F.3d 844, 846 (7th Cir. 1995) (hereinafter "*Excelsior Foundry*").

198 F.3d 368, 370 (2d Cir. 1999); *Clarendon Nat. Ins. Co. v. TIG Reins. Co.*, 183 F.R.D. 112, 116 (S.D.N.Y. 1998).

For the reasons set forth below, this Court holds that the Arbitrator was not *functus officio* because the second liability finding in the Partial Final Award lacked finality, and therefore the Arbitrator acted within his powers when he reconsidered this finding and modified it in the Final Award.

A. Partial Final Award's Liability Finding with Respect to Defense Costs Was Not a "Final" Decision That Rendered the Arbitrator *Functus Officio*

When Employers petitioned this Court to confirm in part and vacate in part the Partial Final Award, I refused to review the award at all because—as Global argued—the award was not final and federal courts may review only final awards. *See, e.g.*, *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 412 (2d Cir. 1980) (that district court should have dismissed petition as premature because interim arbitration award was not final). Global now argues that, although the Partial Final Award was not "final" so as to justify my immediate review of it, it was nevertheless "final" enough to render the Arbitrator *functus officio* because that doctrine enjoys a lower threshold of "finality."[7] Global, however, has cited no authority for this proposition that the "finality" criteria are different when determining whether an award is ripe for judicial review, on the one hand, and when determining whether an arbitrator is *functus officio*, on the other. Indeed, no court in the Second Circuit or, to my knowledge, any other Circuit has addressed the issue. Given the dearth of authority on the issue, common sense requires that if a district court confirms a partial final award, the arbitrator is *functus officio*, *i.e.*, without power to modify it. Applying logic, the contrapositive is also true: if an arbitrator is not *functus officio* as to an interim award, then the interim award is not subject to judicial review. It seems likely, as well, that if a partial final award lacks ripeness for judicial review, the arbitrator is not *functus officio* and may reconsider it. Moreover, as set forth below, the courts generally have considered the same factors when assessing finality for purposes of judicial review and for purposes of *functus officio*. Rather than having different standards, the two principles arise under different circumstances: finality when a party petitions a federal court to confirm an arbitral award and *functus officio* when a federal court examines whether an arbitrator's amendment of a

---
[7] Global admits that it urged this Court not to review the Partial Final Award "on the grounds that the Federal Arbitration Act permits judicial review only of arbitration awards that resolved all issues of liability *and* damages" and that "until such time as a damage award was entered, it was premature for this Court to review the [Partial Final Award]." Global's Counter-Pet. & Opp. 4.

6

prior award was valid. Therefore, since the case law on finality for judicial review and *functus officio* are not at odds with each other, I rely on both principles, as do the parties themselves.

    1.    *General Rule: Award Is Not Final If It Decides Only Liability and Not Damages*

When the Partial Final Award was previously before this Court, this Court could neither confirm nor vacate it because the award deferred the issue of damages to a later date and therefore was not final. "Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." 624 F.2d at 413-14. In *Michaels*, the Second Circuit held that an interim arbitration award "did not finally dispose of *any* of the claims submitted, since it left open the question of damages on the four counterclaims," and therefore the interim award was not final and the district court erred in reviewing it.[8] *Id.* at 412-14 (emphasis added). Similarly, here, as the Partial Final Award left open the question of damages on the second liability finding, it would have been error for me to review it and thus my only option was to remand the parties' dispute to the Arbitrator.

    2.    *Parties' Specific Request for Separate Decision on Liability*

In *Trade & Transport*, which each party has tried to use to support its position, the Second Circuit identified an exception to the general rule that an award is not final if it leaves open the question of damages. 931 F.2d at 195. Specifically, "if the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue." *Id.* In that case, the parties expressly requested the arbitration panel to make an immediate determination as to liability, leaving for a later time the calculation of damages. *Id.* at 192. The Second Circuit held that the arbitrators were *functus officio* once they decided liability but based its conclusion on the parties' express intent to bifurcate the arbitration proceedings between liability and damages. *Id.* at 195. Other courts in this Circuit have found that an interim arbitration award was final because the parties requested bifurcation. *See Goldman v. Architectural Iron Co.*, No. 01-CV8875, 2001 WL 1705117, at *3-4 (S.D.N.Y. Jan. 15, 2001) (partial arbitration award was final despite addressing only claim for attorneys' fees "because the

---

[8] The Court further noted that "[p]olicy considerations, no less than the language of the [FAA] and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court." *Id.* at 414.

parties agreed to bifurcate the claim for attorney's fees and the determination on the merits"); *Doreen v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107, 112-13 (E.D.N.Y. 2003) (district court could review and confirm arbitrator's liability award because "the parties, by agreement, made liability a separate and independent claim from damages").

Here, the parties did not ask the Arbitrator to make an immediate determination of liability or otherwise to bifurcate the proceedings, nor did the Arbitrator give them any prior indication that he would defer the issue of damages to a later date. For this reason I agree with Employers that *Trade & Transport* is distinguishable from the case at bar. Because the parties in *Trade & Transport* had explicitly modified their original arbitration submission to bifurcate the liability and damages issues, and the partial final award "conclusively decide[d] every point required by and included in the first part of the parties' modified submission," the partial final award in that case was final. 931 F.2d at 195. Such is not the case here.[9]

   *3. Partial Final Awards on Separate and Independent Claims Are Final*

Generally, to be "final" and "definite," an arbitration award must fully determine each issue so that no further proceedings are necessary to finalize the parties' obligations under the award. *Rocket Jewelry*, 157 F.3d at 177; *Zeiler v. Deitsch*, 500 F.3d 157, 169 n.11 (2d Cir. 2007) (award is not final if it is merely a "segment[] of a future conclusive award" or a "determination[] required for furtherance of the arbitration").

An exception to this principle of "finality," however, maintains that a partial award is final (and thus ripe for a petition to confirm) if it finally disposes of a separate, independent claim. This holds true even where the parties have not asked the arbitrator to decide a claim separately. "Disposition of an issue that is *severable* from other issues still before the arbitrator may be deemed final and subject to confirmation." *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 532 F. Supp. 901, 906 (S.D.N.Y. 1982), *aff'd*, 689 F.2d 301 (2d Cir. 1982) (emphasis added); *see also Kerr Mc-Gee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991) ("An award that finally and conclusively disposes of a 'separate independent claim' may be confirmed even if it does not dispose of all the claims that were submitted to arbitration.").

In *Metallgesellschaft A.G. v. M/V Captain Constante*, 790 F.2d 280, 283 (2d Cir. 1986), the Second Circuit held that a partial arbitration award was final and subject to judicial review

---

[9] *Trade & Transport* differs from this case in another respect: there, the arbitration panel itself determined that it was *functus officio* with respect to the liability award. 931 F.2d at 193. Here, the Arbitrator determined that he was *not functus officio* and thus could modify the Partial Final Award.

because the award "finally and conclusively disposed of a separate and independent [counter]claim and was subject to neither abatement nor set-off." The court reasoned that the counterclaim decided in the partial final award was so separate, and the contractual language so "clear and unambiguous," that if the action had proceeded in district court instead of arbitration, the counterclaimant "undoubtedly would have been entitled to summary judgment in its favor." *Id.* at 281-82. However, the Second Circuit in a case such as the one at bar concluded that a partial final award does not dispose of a separate and independent claim if it decides only liability, noting that in *Michaels* the partial final award lacked finality, and thus was not ripe for a petition to confirm, "since it left open the question of damages." *Id.* at 283 (citing *Michaels*, 624 F.2d at 414).

Other courts in this Circuit also have held that an award disposes of a separate and independent claim only if it resolves both liability and damages. *See, e.g.*, *Kerr Mc-Gee*, 924 F.2d at 471 (holding that partial final award "did not finally dispose of an independent claim because it left open the question of damages"); *Fluor Daniel Intercontinental, Inc. v. General Elec. Co.*, No. 06-CV3294, 2007 WL 766290, at *4 (S.D.N.Y. Mar. 13, 2007) ("[T]he claims on which damages are awarded would seem to be finally resolved. But as to the claims where only liability has been determined, the Partial Award cannot be confirmed."); *Zephyros Mar. Agencies, Inc. v. Mexicana De Cobre, S.A.*, 662 F. Supp. 892, 894 (S.D.N.Y. 1987) (partial final awards could be confirmed because they "address[ed] both liability and damages and no further litigation is necessary to finalize the obligations of the parties"); *Eurolines Shipping Co., S.A. v. Metal Transp. Corp.*, 491 F. Supp. 590, 592 (S.D.N.Y. 1980) (confirming arbitrators' partial final award because it finally resolved both liability and damages for a separate, independent claim, *i.e.*, immediate payment of withheld freight under a charter).

Here, the Partial Final Award required further arbitration on damages to finalize the parties' obligations. The materials on damages submitted by Employers, as ordered, led the Arbitrator to find that determining Global's damages for defense costs as instructed by the Partial Final Award was impossible. This, in turn, caused the Arbitrator to realize that his second liability finding was based on an incorrect interpretation of the Certificate. The issues of liability and damages were so intertwined that the evidence for damages bore on the scope of liability. The interrelated nature of these issues, therefore, made them inseparable, and the Arbitrator's initial liability finding on defense costs was not a final resolution of a separate and independent claim. *See id.* at 592 (if the decided and undecided claims had been "interrelated in any way,"

interim award would not have been "final").

### 4. *Arbitrator Ultimately Determined His Partial Final Award Was Not Final*

During the Arbitrator's July 17, 2007 conference with both parties' counsel "[n]either party could point [to] any statements on the record of the court proceedings which reflected the intent of Judge Baer in remanding the matter to the Arbitrator." The Arbitrator instructed the parties to ask me to clarify my remand, and in response I indicated that the parties should work with the Arbitrator to "try to resolve the concern." *See* Bedell Aff. Ex. N ¶¶ A.4-7. The Arbitrator consequently explained that "[w]hile the parties have not agreed that the Arbitrator should entertain reconsideration of the Partial Final Award nor have they agreed as to whether he even has the authority to do so, the Arbitrator interprets the two orders from Judge Baer as giving him the authority to reconsider the Partial Final Award *if he [the Arbitrator] believes that it is appropriate to do so*." Bedell Aff. Ex. N ¶ B.1 (emphasis added). The Arbitrator interpreted my remand as indicating that he himself should decide, after hearing the parties' arguments, whether to reconsider the Partial Final Award.

In the Final Award the Arbitrator explains why he believed reconsideration was appropriate: (1) Employers submitted additional evidence, as ordered by the Partial Final Award, that was relevant to the course of dealing between the parties, and that evidence supported a different interpretation of Paragraph 11 of the Certificate; (2) certain other arguments or evidence were either not submitted or not properly considered prior to the rendering of the Partial Final Award; and (3) it was now apparent to the Arbitrator that, in light of these newly submitted and/or newly considered arguments and evidence, he misconstrued Paragraph 11 of the Certificate.

Upon reconsideration, the Arbitrator agreed with Employers that Paragraph 11's reference to "expenses" did "not requir[e] that a distinction be drawn between expenses incurred when there has been an indemnity payment and expenses incurred when there has not been an indemnity payment." Final Award ¶ C.2. The Arbitrator ruled in the Final Award that Global was liable for Employers' payments of defense costs to Coke in all cases and *not* only where Coke had made a related indemnity payment to a third party claimant.

The Arbitrator ordered Employers to submit additional information for use in the calculation of damages. That information—or, more precisely, the evidence that such information had never existed, and had never been requested by Global during the course of the parties' dealing—caused the Arbitrator to believe that he had misconstrued the operative

language of the Certificate and that to reach a final resolution he needed to reconsider the second liability finding in his Partial Final Award.[10]

  5. *Effect of Arbitrator's Initial Intent that Partial Final Award Was Final Decision on Liability*

Global argues that the Arbitrator's intent is controlling and points to the Arbitrator's October 1, 2007 email in which he expressed that the he "had intended the Partial Final Award to be final as it relates to liability." Bedell Aff. Ex. I. Global also reasons that the Arbitrator's choice of words, such as "Final," "concludes" and "conclusion," in the award evinces the Arbitrator's intent that the Partial Final Award was final. *See* Bedell Aff. Ex. D at 3-4. For Global's proposition that there exists "a simple rule: when an arbitrator intends for a portion of an award to be the final resolution on a certain issue, the arbitrator becomes *functus officio* as to that issue and may not reconsider it even if other aspects of the arbitration remain unresolved," Global cites only Eighth Circuit cases, which are not binding in this Circuit. Global's Counter-Pet. & Opp. 12. Global's repeated reliance on *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718 (8th Cir. 1999), is misplaced. That Eighth Circuit opinion involved the arbitrator's reconsideration of the portion of a final award that the district court had confirmed. *Id.* at 719. The Eighth Circuit held, unsurprisingly, that where the district court confirmed a portion of an award, and was justified in doing so, the arbitrator was therefore *functus officio* with respect to that portion of the award. *Id.* at 720.

Although the arbitrator's intent is a factor to consider when determining whether a partial final award renders him *functus officio*, courts in this Circuit have considered the arbitrator's intent only where the claims were separate and independent in the first place. "[P]artial and severable claims *can* be confirmed as final when they were intended as such by the arbitrator," but irrespective of the arbitrator's intent, the partial award must resolve issues "definitely enough so that the rights and obligations of the two parties . . . do not stand in need of further adjudication." *Fluor Daniel*, 2007 WL 766290, at *2 (citing *Rocket Jewelry*, 157 F.3d at 176). As explained above, liability and damages relating to Employers' payments of defense costs

---

[10] It is not necessary to reach the merits of Global's proxy method for calculating damages under the Partial Final Award, as I defer to the Arbitrator's view that the proxy method did not arrive at the proper damages in light of Global's liability under the Certificate. However, I note that Global's proxy method would not have been a reliable estimate of Global's liability on a per-claimant basis and thus would not have been guaranteed to accurately reflect the Partial Final Award's liability finding. *See* Employers' Reply Mem. of Law in Supp. of Pet. 23.

were not severable *claims*, the parties did not ask the Arbitrator to bifurcate them, and the Arbitrator ultimately found that the evidence on damages was also evidence as to liability.

Further, the Arbitrator's reconsideration did not run afoul of the policy rationale underlying the doctrine of *functus officio*. "The rationale underlying [*functus officio*] is to prevent re-examination of an issue by a nonjudicial officer potentially subject to outside communication and unilateral influence." *New York Hotel & Motel Trades Council, AFL-CIO v. Hotel St. George*, 988 F. Supp. 770, 781 (S.D.N.Y. 1997) (quoting *A/S Siljestad v. Hideca Trading, Inc.*, 541 F. Supp. 58, 61 (S.D.N.Y. 1981), *aff'd*, 678 F.2d 391, 392 (2d Cir. 1982) (per curiam)). In the present case, the Arbitrator was not subject to unilateral influence. Although Employers submitted additional evidence, the Arbitrator had instructed it to do so in the Partial Final Award, and the Arbitrator gave both parties the opportunity to be heard on the issues raised by the new evidence.

## IV. CONCLUSION

For the reasons stated, Global has not met its burden of proof to show that the Final Award should be vacated. The Partial Final Award did not render the Arbitrator *functus officio*, and he therefore had the power to reconsider that finding and issue a Final Award. The Final Award is hereby confirmed.

The Clerk of the Court is instructed to close Employers' petition and Global's cross-petition and remove them from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**February ___, 2008**

U.S.D.J.

12